UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:   Case No.: 6:10-bk-01891-ABB

K & L DEVELOPMENT, INC.,   Chapter 11

    Debtor.
_____/

**AGREED ORDER ON CAPITAL CITY BANK'S MOTION FOR RELIEF
FROM THE AUTOMATIC STAY AND DEBTOR'S USE OF CASH COLLATERAL**

THIS CAUSE came before the Court on May 6, 2010 for preliminary hearing on Capital City Bank's ("CCB") *Motion for Relief from the Automatic Stay* (DE# 51) and the Debtor's *Motion for Authority to Use Cash Collateral* (DE# 20), and the Court having reviewed the pleadings, noted the agreement of the parties, and being otherwise fully advised in the premises, it is

    ORDERED AND ADJUDGED as follows:

    1.    CCB holds a valid, first priority interest in the real property commonly known as 12 Lots in Royal Oaks Estates off of State Road 40, Leesburg, Florida and 1102 Myrtle Breeze Court, Fruitland Park, Florida and defined in the Loan Documents (collectively "the Property").

    2.    The Debtor has agreed to strictly comply with the terms of this Court's March 10, 2010 *Preliminary Order Granting Debtor-in-Possession's Expedited Motion for Authority to Use Cash Collateral Nunc Pro Tunc to February 10, 2010* (DE# 38) and all future Orders on Cash Collateral entered in the future (collectively, the "Cash Collateral Orders") and any breach thereof shall constitute cause to lift, terminate and annual the automatic stay pursuant to 11 U.S.C. §362(d) of the Bankruptcy Code.

    3.    Upon execution of this Order, Debtor shall tender the monthly interest payment, in the contractual amount to CCB constituting the monthly adequate protection payment for the

Property for May 2010. Thereafter, Debtor shall continue to tender monthly adequate protection payments in the contractual amount to CCB on the **20th** of each month until the property is surrendered, the case is closed, dismissed, converted or a plan is confirmed. All payments during the pendency of this bankruptcy case shall be made payable to "Capital City Bank" and sent to arrive within two (2) days of their due date to Capital City Bank, Attn: Kyle Phelps, Vice President, 304 East Tennessee Street Tallahassee, FL 32301.

4. The Court makes no ruling on how the adequate protection payments are to be applied by CCB.

5. As additional adequate protection, CCB is granted a replacement lien, deemed fully perfected without the need for further action by the Debtor or CCB, in any proceeds of the Property, to the same extent and with the same priority as CCB's pre-petition lien.

6. Debtor shall not cause any further liens or claims to be placed against the Property unless otherwise provided by Court Order. No other costs and expenses of administration shall be imposed upon CCB or its collateral under any Chapter of the Bankruptcy Code, whether by means of a surcharge under 11 U.S.C. §506(c) or otherwise.

7. The Debtor shall be in default of this Stipulation if any of the following occurs:

    a. the Debtor fails to make any payment required under this Order;

    b. the Debtor's bankruptcy case is converted to a case under Chapter 7 of the Bankruptcy Code or the case is dismissed;

    c. a Chapter 11 Trustee is appointed in the Debtor's bankruptcy case;

    d. the Debtor fails to file a plan of reorganization within the time period prescribed by the Court; or

  e.  the Debtor breaches any term or condition of this Order, the Cash Collateral Orders, or any of the Loan Documents, other than defaults existing as of the Petition Date.

  8.  If the Debtor defaults under any obligations contained herein, CCB shall be entitled to provide notice of said default to Debtor by way of e-mail notice to counsel for Debtor. If the aforementioned default notice is not cured within three (3) business days of the service of such Notice, CCB is permitted to file an Affidavit of Default and Request for Expedited Hearing with this Court setting forth specific facts establishing that: (a) a default occurred, (b) CCB provided the Debtor's counsel with three (3) business days written or electronic notice of the default, and (c) the Debtor failed to cure the default within the three (3) business days after notice was sent. Upon making the sole determination that a default occurred, and such default was not cured within seventy-two hours of CCB's notice to Debtor's counsel, the Court shall grant CCB complete relief from the automatic stay to pursue any and all action, *in rem*, against the property upon which it has liens.

  9.  The adequate protection awarded in this Order is only for purposes of the motion pending before this Court and is: (i) without prejudice to the rights of either the Debtor or CCB to seek other relief in this case; (ii) shall not be admissible in any other proceeding; and (iii) is not binding on any proposed Plan of Reorganization in this case.

  DONE AND ORDERED on June 16, 2010.

_____
ARTHUR B. BRISKMAN
United States Bankruptcy Judge

Copies to:

Jeffrey S. Ainsworth, Esquire, 5100 Hwy. 17-92, Suite 300, Casselberry, FL 32707

Nicolette Corso Vilmos, Esquire, Broad and Cassel, P.O. Box 4961, Orlando, FL 32802-4961

Debtor: K & L Development, Inc., 2901 South Street, Leesburg, FL 34748

Miriam G. Suarez, Esquire, United States Trustee's Office, 135 W. Central Blvd., Suite 620, Orlando, FL 32801

W. Glenn Jensen. Esquire and David J. Lienhart, Esquire, Roetzel & Andress, 420 S. Orange Ave., CNL Center II, 7th Floor, P.O. Box 6507, Orlando, FL 32802

(Attorney Ainsworth is directed to serve a copy on those above not receiving CM/ECF service on the Local Rule 1007-2 parties and file a certificate of service)